ZELIA HAWKINS *v.* WILLIAM JAMES ET AL.

1. ATTACHMENT FOR RENT. *Tenant's remedy.* *Code* 1880, § 1311. *Estoppel.*

   A tenant cannot avail of § 1311, code 1880, to recover double damages for an alleged wrongful distress by the landlord, if it be shown that the attachment proceeding, though based upon an affidavit and bond appropriate to a distress, proceeded thereafter as an ordinary attachment against · the debtor, and was so treated by both parties.

2. SAME. *Liability of attachment bond.* *Measure of damages.*

   But if the landlord has failed in such attachment, the tenant, who was deprived thereby of his property seized under it, though not entitled to double damages, may recover on the attachment bond for the actual damages sustained.

FROM the circuit court of Adams county.
HON. W. P. CASSEDY, Judge.

The appellee, William James, claiming that appellant, Zelia Hawkins, was indebted to him for rent of land, made affidavit, under code 1880, § 1302, as to the amount of rent due on the leased premises, and gave bond and security, as therein required, for an attachment for rent. Thereupon, the justice of the peace issued a writ of attachment, which was in form not a distress warrant, but an ordinary writ of attachment against a debtor, and which commanded the officer to summon the tenant to appear at a fixed time to answer the attachment. On the return-day both parties appeared, and the justice of the peace proceeded to try the case as to the rightfulness of the attachment, and rendered a judgment in favor of plaintiff, from which judgment the defendant appealed to the circuit court, where the cause was again tried upon the same issue, and resulted in a verdict and judgment in favor of the defendant, Zelia Hawkins. Pending the trial, the

property seized was sold by the constable, and the proceeds delivered to James, upon his giving bond therefor; but the judgment of the circuit court did not adjudge the return of the cotton or its value.

The attachment proceeding having thus terminated, Zelia Hawkins, the tenant, brought this action against the landlord, James, and the sureties upon his attachment bond, seeking to recover, as damages, under code 1880, § 1311, double the value of the cotton which had been attached. She recovered a judgment in the justice court, and an appeal was taken by defendants to the circuit court. The cause was tried by the court without a jury, and a judgment was rendered in favor of defendants, and from this judgment plaintiff has appealed.

*James G. Leach*, for appellant.

The action was properly brought under § 1311. The attachment was expressly sued out for rent in arrear. It was judicially determined that no rent or other thing was due. This brings the case clearly within the said statute. The cotton seized by the constable was dealt with by him as provided for in attachments for rent, and the entire record shows that the proceeding was attachment by the landlord against his tenant for rent in arrear.

*Ernest E. Brown*, for appellee.

The attachment was not a distress for rent, but an ordinary attachment to collect a debt due for rent. The writ was made returnable to the court. The tenant was summoned, and a trial had as in ordinary attachments. In distress for rent there is never a suit until the property is replevied. *Smith* v. *Jones*, 65 Miss., 276.

If plaintiff was entitled to any damages in that proceeding, they should have been awarded in the judgment. She cannot afterwards bring a suit therefor.

WOODS, J., delivered the opinion of the court.

We are of opinion that, by the action of the respective parties to this litigation in the trial of the original suit by Wm. James v. Zelia Hawkins, that proceeding must be held to have been an ordinary attachment for a debt due for rent. The affidavit of the plaintiff was the proper affidavit for a distress warrant; but the parties have elected to regard and treat the subsequent proceedings as an ordinary suit in attachment, and we must regard and pass upon the present litigation in that view of the precedent suit. So, looking at that first suit of James v. Hawkins, we are constrained to hold that in the present proceeding the appellant was not entitled to double damages, under § 1311, code of 1880. That remedy is applicable only in actions against persons who have distrained and sold property of another for rent pretended to be due, when, in truth, no rent is due to the party distraining and selling. But, while thus holding, we do not see why the appellant should not have recovered for whatever actual damages she sustained by reason of the wrongful suing out of the attachment in the original suit. The record before us shows the seizure of about a bale of cotton, the property of the defendant in that suit, its delivery to James, the plaintiff therein, and the final deprivation of appellant of even her bale of cotton, or its proceeds. While not entitled to the whole amount of the claim for damages set up, we are at a loss to understand why appellant did not have a recovery on the original attachment bond for her actual damages sustained by reason of the wrongful suing out of the attachment.

*Reversed and remanded.*